**STATE OF OHIO, Appellee v. FARREN, Appellant.**

Ohio Appeals, First District, Clinton County.

No. 130.   Decided April 24, 1942.

Mr. G. L. Schilling, Wilmington, for appellee.
Mr. H. S. Pulse, and Mr. Eli Speidel, Batavia, for appellant.

## OPINION

BY THE COURT:

This is an appeal from a judgment of the Common Pleas Court sentencing the appellant to pay a fine of $10.00 and costs.

The appellant was indicted for violating §6296-14 **GC**, in that he did fail and refuse to display an operator's or chauffeur's license or furnish satisfactory proof that he had such license upon demand of a peace officer made when the appellant was operating an automobile upon a public highway.

The court overruled the appellant's demurrer to this indictment and upon the trial, the jury returned a verdict of guilty. The court overruled the appellant's motion for a new trial and imposed the sentence, but suspended execution pending this appeal.

There was no real dispute as to the facts. The appellant had a license in his possession at the time, but there is ample evidence that he refused to display it upon demand or give proof that he had a license. He did display it when taken before the mayor. There had been no collision or accident of any sort and there is no substantial evidence in the record that appellant had or was violating any traffic regulation or other law. In any event he was charged with, placed on trial for, and convicted of, the offense of not displaying to or giving satisfactory proof to the peace officer of having a driver's license.

The appellant's demurrer to the petition raised the issue as to whether there is any such crime under the laws of Ohio. That issue required the trial court to construe §6296-14 **GC**. We are confronted with the same task. That section is as follows:

"(a) Every person licensed as an operator shall write his usual signature with pen and ink in the space provided for that purpose on the license certificate issued to him; and every chauffeur shall write his usual signature with pen and ink on the bottom of the photograph on the license certificate issued to him, and such license shall not be valid until the certificate is so signed.

"(b) The operator or chauffeur of a motor vehicle shall display his license or furnish satisfactory proof that he has such license upon demand of any peace officer or of any person damaged or injured in any collision in which such licensee

may be involved. Failure to produce such license on demand, or to furnish satisfactory evidence that such person is duly licensed under this act, shall be prima facie evidence of his not having obtained such license."

It is a part of the statute passed in 1936 (**116 O. L., Pt. 2, 33**) known as the "Driver's License Law", the main purpose of which was and is to insure competency in operators of motor vehicles upon the public highways by requiring the meeting of certain tests before receiving authority to operate an automobile, and this authority or license was and is evidenced by a certificate. The statute is divided into thirty-seven sections. The first section declares the name by which the law should be known. The second is devoted to definition of terms and provision for appointment of registrar to administer the law. The third section relates to exemption of non-residents and provides that no non-resident or other person whose Ohio **license has been revoked or suspended shall** operate a motor vehicle in Ohio during the period of suspension or revocation and, for the first time the legislature denominates the violation of any provision as a misdemeanor and mentions a penalty. The next seven sections prescribe the conditions for the issuance and use of driver's licenses.

And then follows §6296-14, **GC**, already set forth, the violation of which is charged in the indictment as a misdemeanor.

The succeeding two sections relate to notation of certain law violations on the license and the suspension or revocation of licenses for certain offenses, and it is significant that by **§6296-17, GC,** it is provided that conviction of "Failing to stop and disclose identity **at the scene of the accident** when required to do so by law" is one of the grounds for suspension or revocation of a license, and this manifestly refers to **§12606 GC,** known as the "hit and run" statute, whereas, failure to display license, etc., as provided in **§6296-14 GC,** is not a ground for suspension or revocation.

The title to **§6296-24 GC,** is "Unlawful Acts", and it sets forth five acts that are denounced as unlawful. None of these has any relation to failure to display a license or disclose identity.

The other sections provide that making a false affidavit shall be perjury, make it unlawful to employ a minor, prohibit employment of an unlicensed chauffeur or for the owner to

knowingly authorize or permit an unlicensed person to operate a motor vehicle.

That brings us to §6296-30 GC, the material facts of which are:

"(a)    It shall be a misdemeanor for any person to violate any of the provisions of this act unless such violation is by this act or other law of this state declared to be a felony.

"(d)    Unless another penalty is in this act or by the laws of this state provided, every person convicted of a misdemeanor for the violation of any provisions of this act shall be punished by a fine of not more than five hundred dollars or by imprisonment for not more than six months or by both such fine and imprisonment."

The state contends, and the learned trial court found, that by virtue of §§6296-14 and 6296-30 GC, an intent was disclosed to make the refusal upon demand to display the license or otherwise give satisfactory proof of having a license a punishable offense. It is not, and can not, be claimed that the legislature has done so in express terms. **Section 6296-14 GC,** standing alone, does not contain any of the indicia of a criminal statute. True, it imposes a duty, but it also prescribes the effect of the failure to perform the duty, and that is the creation of a prima facie evidence that the person of whom the demand was made had no license.

That this was the total effect intended seems to us to be borne out by the provision of §6296-17 GC, providing for suspension or revocation of a license, not because of mere failure to display it under all circumstances when demanded, but only because of failure to stop and disclose identity, etc., at the scene of an accident, and by the fact that in many other places in the act the legislature in express terms stigmatized certain acts as unlawful and in others prescribed penalties for failures in specific respects.

As against these indicia of the legislative intent we have the general provision of §6296-30 GC, providing a penalty for the violation of any provision of the act.

It is a rule of statutory construction that the mention of one thing implies an exclusion of another. **37 O. Jur., 555.**

In §6296-14 GC, the General Assembly expressly stated that the effect of failure to display the license or give satisfactory proof of having it was to create a prima facie case that there was no license. There is no suggestion that the failure to display was denounced as unlawful or that the act was made criminal by the imposition of a penalty. The statute bears abundant evidence in other sections that the General Assembly knew how to express its intent to denounce an act as unlawful or to make the act criminal by providing for the imposition of a penalty It did not do so in this section.

It is another rule of statutory construction that the court should give effect to all parts, if that can be done within the rule of reason. Applying that rule, the general provision of §6296-30 GC, can be given effect without disturbing the provisions of §6296-14 GC, or by attributing to its provisions a criminal import contrary to the natural meaning of the language. This can be done by making the penalty provisions of §6296-30 GC, applicable to the acts and duties imposed by the other sections, in which the effect of a violation is not specifically stated.

We are influenced in reaching the conclusion that it was not intended to make criminal a mere failure to produce a license, by another rule of statutory construction, and that is, that penal statutes must be strictly construed. 12 O. Jur., 53.

We are also influenced by the fact that the substantive evil is provided against by §12606 GC, the existence of which the General Assembly showed it had in mind by its reference to its substance in §6296-17 GC.

It is worthy of note that in the Uniform Drivers' and Chauffeurs' License Act, it is provided that the driver is required to display his license, but it is also expressly provided that the production of a license at the trial, which was in force at the time of the failure to produce, should be a defense. Mere failure to produce an existing license is not made a crime by the Uniform Act. 11 Uniform Laws Annotated, 87.

For these reasons, the judgment is reversed and the cause remanded with instructions to sustain the demurrer to the indictment and dismiss the proceedings against the appellant.

MATTHEWS, P. J., ROSS and HAMILTON, JJ., concur.